UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

BENJAMIN ALMONTE
and other similarly situated individuals,

    Plaintiff(s),

v.

NSBC GROUP, LLC
d/b/a SAKE THAI & SUSHI BAR

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BENJAMIN ALMONTE, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant NSBC GROUP, LLC d/b/a SAKE THAI & SUSHI BAR, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff BENJAMIN ALMONTE is a covered employee for purposes of the Act. The Plaintiff is a resident of Broward, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant NSBC GROUP, LLC d/b/a SAKE THAI & SUSHI BAR (hereinafter SAKE THAI & SUSHI BAR, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida, where Plaintiff worked. The Defendant was engaged in

interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff BENJAMIN ALMONTE as a collective action to recover from the Defendant overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after December 2017, (the "material time") without being properly compensated.

6. Defendant SAKE THAI & SUSHI BAR is a Thai and Japanese bar/restaurant located at 4401 Sheridan Street, Hollywood, Florida 33021, where the Plaintiff worked.

7. Defendant SAKE THAI & SUSHI BAR employed Plaintiff BENJAMIN ALMONTE approximately from December 8, 2016, to March 16, 2020, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

8. The Plaintiff was employed as a non-exempted full-time, hourly, restaurant employee. Plaintiff had duties as a cook, prep cook, dishwasher, and cleaning person. During the relevant employment period, Plaintiff was paid a salary of $1,012.50 per week.

9. While employed by Defendant Plaintiff had a very regular schedule, and he worked as follows:

10. <u>1.- Period from December 29, 2017, to December 31, 2018, or 52 weeks</u>.- Plaintiff worked 6 days per week. Usually, Plaintiff had Saturdays off, but he worked from Mondays to Sundays from 10:30 AM to 10:30 PM (12 hours each day). Plaintiff completed 60 working hours every week (The Plaintiff has already deducted lunchtime 2 hours x 6 days=12 hours).

11. <u>2.- Period from January 01, 2018, to March 16, 2020, or 63 weeks</u>.- Plaintiff worked 5 days per week, from Mondays to Fridays from 10:30 AM to 10:30 PM (12 hours each day). Plaintiff completed 50 working hours every week (The Plaintiff has already deducted lunchtime 2 hours x 5 days=10 hours).

12. Plaintiff always worked more than 40 hours in a week, and he was paid a salary, but he was not paid for overtime hours.

13. Plaintiff did not clock in and out, but the Defendant was able to keep track of the number of hours worked by Plaintiff. The Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. The Plaintiff was paid bi-weekly with checks and cash. Defendant paid Plaintiff around $1,012.50, weekly, part with a check and the difference with cash. Plaintiff was provided with paystubs that did not show the number of days and hours worked and showed a payment of approximately $625.00 weekly.

16. Plaintiff did not agree with the lack of payment for overtime hours paid to him, and he complained many times to the owner and manager of the restaurant. Plaintiff requested to

be paid for overtime hours, and he always got the same answer: "We don't pay overtime here".

17. On or about March 16, 2020, the Coronavirus quarantine began, and SAKE THAI & SUSHI BAR closed down temporarily. Plaintiff also contracted the virus at the workplace.

18. Upon the re-opening of the restaurant, Plaintiff was not called back to work.

19. Plaintiff is not in possession of time and payment, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

20. Plaintiff BENJAMIN ALMONTE seeks to recover overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

22. Plaintiff BENJAMIN ALMONTE re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff BENJAMIN ALMONTE as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked in excess of forty (40) hours during one or more weeks on or after December 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. The Defendant SAKE THAI & SUSHI BAR was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a bar/restaurant and is engaged in interstate commerce.  The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

26. Defendant SAKE THAI & SUSHI BAR employed Plaintiff BENJAMIN ALMONTE approximately from December 8, 2016, to March 16, 2020, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

27. The Plaintiff was employed as a non-exempted full-time, hourly, restaurant employee. During the relevant employment period, Plaintiff was paid a salary of $1,012.50 per week.

28. While employed by Defendant Plaintiff had a very regular schedule, and he worked as follows:

29. <u>1.- Period from December 29, 2017, to December 31, 2018, or 52 weeks</u>.- Plaintiff worked 6 days per week, a total of 60 working hours (The Plaintiff has already deducted lunchtime 2 hours x 6 days=12 hours).

30. <u>2.- Period from January 01, 2018, to March 16, 2020, or 63 weeks</u>.- Plaintiff worked 5 days per week, a total of 50 working hours (The Plaintiff has already deducted lunchtime 2 hours x 5 days=10 hours).

31. Plaintiff always worked more than 40 hours in a week, and he was paid a salary, but he was not paid for overtime hours.

32. Plaintiff did not clock in and out, but the Defendant was able to keep track of the number of hours worked by Plaintiff. The Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. The Plaintiff was paid bi-weekly with checks and cash. Defendant paid Plaintiff around $1,012.50, weekly, part with a check and the difference with cash. Plaintiff was provided with paystubs that did not show the number of days and hours worked and showed a payment of approximately $625.00 weekly.

35. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of days and hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations. Thus, these figures would be subject to modifications after discovery.

   a. Total amount of alleged unpaid O/T wages:

   Fifteen Thousand One Hundred Fifty-Nine Dollars and 50/100 ($15,159.50)

   b. Calculation of such wages:

   Relevant weeks of employment:  170 weeks
   Total number of relevant weeks: 115 weeks

   1.- Period from December 29, 2017, to December 31, 2018, or 52 weeks

   Total relevant weeks of employment:  115 weeks
   Relevant weeks: 52 weeks
   Total hours worked:  60 hours weekly
   Total overtime hours: 20 O/T hours
   Salary paid: $1,012.50: 60 hours weekly=$16.88
   Regular rate: $16.88 an hour: 2=$8.44 half-time
   Half-Time O/T rate: 8.44 an hour

   Half-time O/T rate $8.44 x 20 O/T hours=$168.80 weekly x 52 weeks=$8,777.60

2.- Period from January 1, 2019, to March 16, 2020, or 63 weeks

Total relevant weeks of employment:  115 weeks
Relevant weeks: 63 weeks
Total hours worked:  50 hours weekly
Total overtime hours: 10 O/T hours
Salary paid: $1,012.50: 50 hours weekly=$20.25
Regular rate: $20.25 an hour: 2=$10.13 half-time
Half-Time O/T rate: 10.13 an hour

Half-time O/T rate $10.13 x 10 O/T hours=$101.30 weekly x 63 weeks=$6,381.90

Total # 1 and # 2:  $15,159.50

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid half-time overtime wages.

38. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. Defendant SAKE THAI & SUSHI BAR willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of

the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

41. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BENJAMIN ALMONTE and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff BENJAMIN ALMONTE and other similarly situated individuals and against the Defendant SAKE THAI & SUSHI BAR based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff BENJAMIN ALMONTE actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BENJAMIN ALMONTE demands trial by a jury of all issues triable as of right by a jury.

Dated:  December 30, 2020,

                                Respectfully submitted,

                                By:  **/s/ Zandro E. Palma**

        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*